IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Precious Jefferson,<br><br>                Plaintiff,<br><br>vs.<br><br>Chestnut Group, Inc.,<br>Springmaster, Inc.,<br><br>                Defendants. | Civil Action No. 6:08-3728-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' partial motion to dismiss. This case arises out of the plaintiff's employment by the defendants. The plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") an underlying Charge of Discrimination in which she alleged that she was discriminated against on the basis of her race, sex, and pregnancy, and retaliated against for engaging in protected activity. On June 26, 2008, she was mailed a Notice of Right to Sue Letter ("right-to-sue" letter). On September 29, 2008, the plaintiff, who is represented by counsel, filed the instant complaint alleging four causes of action: violation of civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000 *et seq*.) (count one); violation of public policy (count two); hostile work environment and wrongful discharge in violation of public policy of South Carolina, Title VII, and the South Carolina Human Rights Act (count three); and retaliation in violation of Title VII (count four).

Pursuant to the provisions of Title 28, United States Code, Section 636 (b)(1)(A), and Local Rule 73.02 (B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The plaintiff asserts two claims against the defendants for damages based on violation of the public policy of South Carolina. First, she states in count two that "[t]he Defendants' wrongful actions as set forth aforesaid, constitutes a violation of a clear mandate of public policy of the State of South Carolina (comp. ¶ 24). She then asserts in the relevant part of count three that the "constructive discharge of [her] employment by the actions of Defendants constitutes a violation of clear mandate of public policy of the State of South Carolina" (comp. ¶ 28).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

As argued by the defendants, the alleged wrongdoing by the defendants that forms the basis for the public policy claims is the same alleged wrongdoing on which the plaintiff's Title VII and South Carolina Human Affairs Act claims are based. As a result, based on the plaintiff's own pleadings, she clearly has a potential statutory remedy under both state and federal law for the defendants' alleged wrongdoing. Accordingly, the defendants argue that based on the holdings in *Dockins v. Ingles Markets*, 413 S.E.2d 18, 19 (S.C. 1992) ("When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy. We hold this applies when the right is created by federal law as well as state law."), and *Heyward v. Monroe*, No. 97-2430, 1998 WL 841494, *4 (4th Cir. 1998) (applying *Dockins* to dismiss common law public policy claims when the individual has a statutory remedy for his claim under Title VII), the plaintiff is limited to pursuing any remedy available to her under Title VII and the South Carolina Human Affairs Act, and her duplicative state common law public

policy causes of action should be dismissed. This court agrees. While the plaintiff distinguishes the *Heyward* case because it was decided on a motion for summary judgment rather than a motion to dismiss, the District of South Carolina has dismissed public policy claims in other cases on motions to dismiss for the exact reason asserted by the defendant in this case. *See Nimmons v. RBC Insurance Holdings (USA), Inc.*, No. 6:07-2637-GRA, 2007 WL 4571179, at **1-2 (D.S.C. Dec. 27, 2007); *Ramsey v. Vanguard Servs., Inc.*, No. 8:07-265-GRA, 2007 WL 904526, at **1-2 (D.S.C. March 22, 2007).

Based upon the foregoing, the defendants' motion for partial dismissal (doc. 6) should be granted dismissing count two and a portion of count three, and the defendants' request for cost and fees should be denied.

January 5, 2009

Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE